UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR THIFFAULT,<br>Plaintiff<br><br>V.<br><br>EASY MANUFACTURING COMPANY<br>SUBURBANITE HOME OF BUTLER<br>HOME PRODUCTS, INC., AND SUN LIFE<br>ASSURANCE COMPANY OF CANADA<br><br>Defendants | CIVIL ACTION NO. 05-40011-FDS |

## DEFENDANT, SUN LIFE ASSURANCE COMPANY OF CANADA'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendant, Sun Life Assurance Company of Canada ("Sun Life"), answers the plaintiff's Complaint as follows:

1.     The allegations set forth in paragraph 1 contain contentions of law to which no answer is required.

2.     Sun Life does not have sufficient information to admit or deny the plaintiff's current residence or citizenship.

3.     Sun Life does not have sufficient information to admit or deny the allegations of paragraph 3.

4.     Sun Life denies that it is a Massachusetts corporation, but admits the remaining allegations of paragraph 4.

5.     Sun Life admits that this is a claim for benefits governed by ERISA and that this Court has jurisdiction over this matter. Sun Life denies the remaining allegations of paragraph 5.

6. Sun Life repeats and incorporates by reference its responses to paragraphs 1 through 5 above.

7. Sun Life admits that the plaintiff was a participant in the benefit plan and that a copy of Policy No. 44365, issued March 13, 1997, to the Easy Day Manufacturing Company is attached to plaintiff's Complaint as Exhibit 1. Sun Life denies the remaining allegations of paragraph 7.

8. Sun Life admits that the plaintiff's position at the time he claimed to be disabled was Director of Distribution and Facilities. Sun Life denies the remaining allegations of paragraph 8.

9. Sun Life denies that it was the Plan Administrator. Sun Life admits that the plaintiff applied for and received short-term disability benefits under the Benefit Plan.

10. Sun Life admits that the plaintiff applied for long term disability benefits; that he submitted medical records and reports from his treating physicians; and that Sun Life sent him a letter dated April 15, 2002, a copy of which is attached to plaintiff's Complaint as Exhibit 2. Sun Life states that the April 15, 2002 letter speaks for itself. Sun Life denies the remaining allegations of paragraph 10.

11. Sun Life denies the allegations of paragraph 11.

12. Sun Life admits the allegations of paragraph 12.

13. Sun Life denies the allegations of paragraph 13.

Sun Life denies that the plaintiff is entitled to the relief requested in paragraphs A through H of his Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No benefits are due to the plaintiff since he is not totally disabled as defined by the Plan.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the terms and conditions of the Plan.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Sun Life fairly evaluated the plaintiff's claim for disability benefits and at all times acted in good faith in evaluating the plaintiff's claim for disability benefits.

### SIXTH AFFIRMATIVE DEFENSE

The decision rendered on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Sun Life.

### SEVENTH AFFIRMATIVE DEFENSE

If benefits were ever owed to the plaintiff, such benefits have been paid, and no further benefits are owed to the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The decision on the plaintiff's claim for benefits was not arbitrary and capricious.

## NINTH AFFIRMATIVE DEFENSE

Sun Life did not carry out its duties in an arbitrary and capricious manner.

## TENTH AFFIRMATIVE DEFENSE

Any common law claims asserted by the plaintiff are preempted by the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq.

## ELEVENTH DEFENSE

Under ERISA the plaintiff is not entitled to any extra contractual damages.

## TWELFTH DEFENSE

The plaintiff has not made a sufficient showing to warrant an award of attorneys' fees under ERISA.

## THIRTEENTH DEFENSE

The Plan is not obligated to pay any future benefits in a lump sum to the plaintiff.

## FOURTEENTH DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations and the limitations provisions in the long-term disability plan.

SUN LIFE ASSURANCE COMPANY OF CANADA

By its attorneys,

_____
Joan O. Vorster, Esq., BBO #550375
Elizabeth L. B. Greene, Esq., BBO #561456
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated:

CERTIFICATE OF SERVICE

I, Elizabeth L. B. Greene, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Karen L. Stern, Esq., Bernstein, Berwick & Tucker, LLC, 10 Mechanic Street, Suite 150, Worcester, MA 01608.

_____
Elizabeth L. B. Greene, Esq.

Dated: 2/17/05