UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, ss                                              Docket No. 05-40011-FDS

VICTOR THIFFAULT,           )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )
EASY MANUFACTURING COMPANY  )
SUBURBANITE HOME OF BUTLER  )
HOME PRODUCTS, INC. and     )
SUN LIFE ASSURANCE COMPANY  )
OF CANADA,                  )
                            )
        Defendants.         )
_____)

## ANSWER OF BUTLER HOME PRODUCTS, INC.

Defendant Butler Home Products, Inc. ("Butler"),[1] responds to the specific allegations of Plaintiff Victor Thiffault's ("Plaintiff") Complaint as follows:

### I. Introductory Statement

1.   Paragraph 1 contains the Plaintiff's description of the action and legal conclusions to which no responsive pleading is required. To the extent that a response is deemed required, Butler denies the allegations of paragraph 1.

### II. Parties

2.   Butler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

---

[1] Plaintiff has named an entity called "Easy Manufacturing Company Suburbanite Home of Butler Home Products, Inc." as a defendant in the Complaint. In or about 1999, Easy Day Manufacturing Company changed its name to Butler Home Products, Inc. Upon information and belief, no entity called "Easy Manufacturing Company Suburbanite Home" currently exists as related to Butler Home Products, Inc.

-1-

3.    Butler admits that it is a Massachusetts corporation with a usual place of business located at 311 Hopping Brook Road, Holliston, Massachusetts. The remaining allegations of paragraph 3 state legal conclusions to which no responsive pleading is required. To the extent that a response is deemed required, Butler denies the remaining allegations of paragraph 3.

4.    Butler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

### III. Jurisdiction

5.    Paragraph 5 contains conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Butler denies the allegations of paragraph 5.

### IV. Claim for Relief

6.    Butler incorporates the allegations contained in paragraphs 1-5 with the same force and effect as though fully contained herein.

7.    Butler admits that the Plaintiff was a participant in the Benefit Plan, as that term is defined in the Plaintiff's Complaint. Butler denies that a complete copy of the Benefit Plan is attached to the Complaint as Exhibit 1. Further answering, Butler states that the Benefit Plan is in writing and speaks for itself.

8.    Butler admits that the Plaintiff worked for it beginning in 1985 through May 18, 1998 and that he held the position of Director of Distribution Facilities. The remaining allegations of paragraph 8 are denied.

9.    Butler admits that the Plaintiff applied for short-term disability benefits during his employment at Butler and that he received such benefits, paid by Defendant Sun Life Assurance Company of Canada. The remaining allegations of paragraph 9 are denied.

10. Butler admits that it was aware that the Plaintiff applied for and was subsequently denied long-term disability benefits. Butler admits further that a letter dated April 15, 2002 is attached to the Plaintiff's Complaint as Exhibit 2 and states that the letter is in writing and speaks for itself. Butler lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and therefore denies them.

11. Butler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Butler admits that a letter dated February 5, 2003 is attached to the Plaintiff's Complaint as Exhibit 3 and states that the letter is in writing and speaks for itself. Butler lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore denies them.

13. Paragraph 13 contains conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Butler denies the allegations of paragraph 13.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted because there are no allegations in the Complaint against Butler whatsoever.

### Second Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted pursuant to 29 U.S.C. § 1140 because Butler did not interfere with any right the Plaintiff may have had to receive benefits under the relevant Plan.

### Third Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted pursuant to 29 U.S.C. § 1140 because Butler did not intend or have the purpose of interfering with any right the Plaintiff may have had to receive benefits under the relevant Plan.

### Fourth Affirmative Defense

The Plaintiff's claims against Butler must be dismissed because Butler is not a proper defendant in an action to recover benefits under ERISA.

### Fifth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted against Butler because Butler had no duty to the Plaintiff under the relevant Plan.

### Sixth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted against Butler because Butler had no authority or responsibility to make a decision regarding the Plaintiff's entitlement to benefits under the Plan.

### Seventh Affirmative Defense

The Plaintiff's claims must be dismissed because he is not eligible for benefits pursuant to the terms of the relevant Plan.

### Eighth Affirmative Defense

The Plaintiff's claims must be dismissed because he is not "totally disabled" as that term is defined by the relevant Plan.

### Ninth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted because, to the extent that benefits were ever owed to the Plaintiff, such benefits have been paid in full.

GSDOCS-1460927-1
03/15/2005 12:40 PM

### Tenth Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations and the limitations provisions in the relevant Plan.

### Eleventh Affirmative Defense

The Plaintiff's claims are barred because the decision regarding his entitlement to benefits was, upon information and belief, neither arbitrary nor capricious.

### Twelfth Affirmative Defense

The Plaintiff's claims must be dismissed because, to the extent that Butler had any duty to the Plaintiff under the Plan, Butler carried out its duty in good faith and did not act in either an arbitrary or capricious manner.

### Thirteenth Affirmative Defense

Any common law claims asserted by the Plaintiff must be dismissed because they are pre-empted by ERISA, 29 U.S.C. § 1001 et seq.

### Fourteenth Affirmative Defense

The Plaintiff is not entitled to any extracontractual damages.

### Fifteenth Affirmative Defense

The Plaintiff's demand to receive any future benefits in the form of a lump sum must be denied pursuant to the terms of the relevant Plan.

### Sixteenth Affirmative Defense

The Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, and/or waiver.

### Seventeenth Affirmative Defense

The Complaint should be dismissed because the Plaintiff has not suffered any damages.

### Eighteenth Affirmative Defense

The Complaint should be dismissed because any damages suffered by the Plaintiff were not proximately caused by Butler's conduct.

BUTLER HOME PRODUCTS, INC.

By its attorneys,

Christian W. Habersaat (BBO # 564427)
Deborah Hesford DosSantos (BBO # 641185)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

Dated: March 15, 2005

### CERTIFICATE OF SERVICE

I, Deborah Hesford DosSantos, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to all counsel of record, namely Karen L. Stern, Esq., Bernstein, Berwick & Tucker, LLC, 10 Mechanic Street, Suite 150, Worcester, MA 01608 and Elizabeth L.B. Greene, Esq., Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA 01068.

Deborah Hesford DosSantos

Dated: March 15, 2005