UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, ss                                    Docket No. 05-40011-FDS

```
                                    )
VICTOR THIFFAULT,                   )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )
                                    )
BUTLER HOME PRODUCTS, INC.          )
and SUN LIFE ASSURANCE              )
COMPANY OF CANADA,                  )
                                    )
        Defendants.                 )
                                    )
```

## MEMORANDUM OF DEFENDANT BUTLER HOME PRODUCTS, INC. IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff Victor Thiffault ("Plaintiff") left his employment at Butler Home Products, Inc. ("Butler") when he suffered from a medical disability in or about May 1998. Plaintiff received short-term disability benefits through a Benefit Plan provided by Butler, but was ultimately unsuccessful in his attempt to receive long-term disability benefits. It is undisputed that Defendant Sun Life Assurance Company of Canada ("Sun Life") was the claims administrator of the Benefit Plan in question. It is also undisputed that Sun Life made the decision to deny the Plaintiff's application for long-term disability benefits and that Butler was not involved in, or otherwise had anything to do with, the decision to deny the Plaintiff's benefits.

The real dispute in this matter stems from the Plaintiff's belief that his application for long-term disability benefits was wrongfully denied and that Sun Life improperly failed to consider the available medical evidence in making that decision. Plaintiff's Complaint alleges

absolutely no wrongdoing on the part of Butler and, in fact, does not even allege that Butler had anything to do with the decision regarding his application for long-term disability benefits. Regardless, Plaintiff has brought claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against both Sun Life and Butler. Because nothing in the Plaintiff's Complaint states a claim upon which relief can be granted against Butler, the Complaint against Butler must be dismissed with prejudice.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Butler is a Massachusetts company with a usual place of business in Holliston, Massachusetts.[1]  Complaint ¶ 3.  Plaintiff Victor Thiffault resides in Hopedale, Massachusetts and worked for Butler from 1985 until May 18, 1998 as the Director of Distribution Facilities. Complaint ¶¶ 2, 8.  At all relevant times, Butler provided to its employees a Group Term Insurance Policy that provided short-term and long-term disability benefits to qualified employees (the "Benefit Plan").  Complaint ¶ 3.  Defendant Sun Life was the claims administrator of the Benefit Plan.  Complaint ¶ 4.

According to the Complaint, the Plaintiff was a participant in the Benefit Plan. Complaint ¶ 7.  On or about May 18, 1998, the Plaintiff suffered from a medical disability and ceased working for Butler because of that disability.  Complaint ¶ 8.  He applied for and received short-term disability benefits through the Benefit Plan.  Complaint ¶ 9.  According to the Complaint, Sun Life made the decision to grant short-term disability benefits to the Plaintiff.  Id. Plaintiff then applied for long-term disability benefits through the Benefit Plan and Sun Life

---

[1] Plaintiff's Complaint alleges that an entity called "Easy Manufacturing Company Suburbanite Home of Butler Home Products, Inc." sponsored the insurance plan at issue here.  Complaint ¶ 3.  In or about 1999, Easy Day Manufacturing Company changed its name to Butler Home Products, Inc.  Upon information and belief, no entity called "Easy Manufacturing Company Suburbanite Home" existed at the time of the Plaintiff's employment or today.

denied his application for such benefits. Complaint ¶ 10. Sun Life further denied the Plaintiff's appeal of the original denial of his application for long-term disability benefits. Complaint ¶ 12.

Plaintiff alleges that he is unable to work because of the various medical conditions from which he suffers, namely polymyalgia rheumatica; neurological dysfunction; osteopenia; attention deficit disorder (inattentive type); and sleep apnea. Complaint ¶ 11. In fact, the Plaintiff ceased working for Butler Home because of his medical conditions and has not worked since on or about May 18, 1998. Complaint ¶¶ 8, 11.

The Complaint alleges that Sun Life's denial of the Plaintiff's application for long-term disability benefits pursuant to the Benefit Plan was an arbitrary and capricious decision in violation of ERISA given the medical documentation presented by the Plaintiff in support of that application. Complaint ¶ 13. Furthermore, the Complaint alleges that Sun Life's decision to deny the Plaintiff long-term disability benefits interfered with his protected rights to receive benefits under the Benefit Plan pursuant to ERISA, 29 U.S.C. § 1140. Id.

## ARGUMENT

This Court should dismiss the Complaint as to Butler pursuant to Fed. R. Civ. P. 12(b)(6) if, taking the Plaintiff's allegations as true, it "presents no set of facts justifying recovery." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1996). Here, the Plaintiff has made absolutely no factual allegations regarding conduct by Butler that rises to the level of an actionable claim under ERISA. In fact, the only allegations that the Plaintiff makes in the Complaint regarding Butler are: (1) that he worked for Butler; and (2) through his employment there, he received the insurance benefits in question in this matter. Based on the facts as set forth in the Complaint, the Plaintiff has failed to state a claim against Butler and the Court should dismiss the Complaint against Butler with prejudice.

GSDOCS-1484118-1

Although inartfully pleaded, the Plaintiff's Complaint can be read to raise two potential claims against Butler: (1) a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits allegedly due to him under the terms of the Plan; and (2) a claim pursuant to 29 U.S.C. § 1140 for interference with "his protected rights to receive benefits." See Complaint ¶ 13. Neither claim is viable as against Butler based on the allegations in the Complaint (or lack thereof) and the governing law.

**I.      Plaintiff Does Not Allege that Butler Had Any Role in the Decision Regarding His Entitlement to Benefits.**

The essence of the Plaintiff's Complaint is his disagreement with the decision to deny his application for long-term disability benefits. Such a claim is clearly cognizable under ERISA, see 29 U.S.C. § 1132(a)(1)(B) (a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"), but the Plaintiff has no such claim against Butler. This is especially true given that nothing in the Complaint alleges that Butler had the authority in general to make decisions regarding participant eligibility for benefits or that Butler had something to do with the decision to deny the Plaintiff's application for benefits.

Typically, "[a]n employer may not be named a defendant in an ERISA action [to recover benefits] unless the plaintiff shows the employer controlled or influenced the administration of the plan." Marcum v. Zimmer, 887 F.Supp. 891, 894 (S.D.W.V. 1995), citing Rossi v. Boston Gas Co., 833 F.Supp. 62, 67 (D.Mass. 1993). Here, the Plaintiff's Complaint is clear that he applied for benefits through Defendant Sun Life, the Plan's claims administrator; that Sun Life made the decision to provide him with short-term disability benefits; that he presented his application for long-term disability benefits along with accompanying medical evidence to Sun Life; that he appealed the denial of benefits to Sun Life; and that all of the notices he received

-4-

regarding his eligibility for benefits came from Sun Life. See Complaint ¶¶ 9-10, 12. Nothing in

the Plaintiff's Complaint alleges that Butler was even aware of the Plaintiff's application for

benefits, never mind had the authority or discretion to control the decision regarding his

eligibility for benefits pursuant to the Plan. In fact, the Plaintiff has not alleged, nor can he, that

Butler had anything to do with the decision regarding his eligibility for benefits. Certainly, the

Plaintiff's allegations are insufficient to show that Butler "controlled or influenced" the benefits

decision. As such, the Plaintiff has failed to state a claim pursuant to which relief can be granted

under ERISA.[2]

### II.    The Allegations in the Complaint are Insufficient to State a Claim that Butler Interfered with Plaintiff's Entitlement to Benefits.

Pursuant to ERISA, it is unlawful for any person to "discharge, suspend, expel,

discipline, or discriminate against a participant…for exercising any right to which he is entitled"

under a benefit plan or the statute or to "interfer[e] with the attainment of any right to which such

participant may become entitled under the plan" or the statute. 29 U.S.C. § 1140. Essentially,

this section of ERISA protects employee "rights about to be earned but frustrated due to

unlawful employer action." Conkwright v. Westinghouse Electric Corp., 933 F.2d 231, 237 (4th

Cir. 1991). The primary purpose of the section is to prevent an employer from taking adverse

action against an employee for exercising rights under the statute. See Zappia v. Nynex

Information Resources Co., 1993 WL 437676 at **2-3 (D. Mass., Oct. 22, 1993).

In order to establish a claim against Butler pursuant to 29 U.S.C. § 1140, Plaintiff must

first allege facts sufficient to make out a prima facie case that:  (1) he had the opportunity to

---

[2] To the extent that the Plaintiff believes that Butler is required to be named as a party in this action to recover benefits pursuant to ERISA, Butler is aware of no such requirement. The essence of the dispute is between the Plaintiff and Sun Life and concerns Sun Life's decision – made without consultation with Butler – to deny benefits to the Plaintiff. There is no reason why Butler, as the employer without any discretion or authority to make benefits decisions, is necessary to resolve the dispute or award the Plaintiff the relief he seeks.

attain rights under an ERISA benefit plan; (2) he was qualified for the position at issue; and (3) the employer subjected him to adverse action. Iwata v. Intel Corp., 349 F.Supp.2d 135, 143 (D. Mass. 2004). As an initial matter, nothing in the Complaint alleges that Butler took adverse action against the Plaintiff. Plaintiff does not allege that Butler "discharge[d], suspend[ed], expel[led], discipline[d], or discriminate[d]" against him. In fact, Plaintiff concedes that the reason he stopped working at Butler had everything to do with his medical inability to return to work. See Complaint ¶¶ 8, 11. This fact also means that the Plaintiff cannot establish that he was qualified for his position at Butler, an essential element of the prima facie case. See Iwata, 349 F.Supp.2d at 143 (holding that the plaintiff could not make out a prima facie case under Section 1140 because she admitted that she could not return to work because of her medical condition).

Furthermore, even if the Plaintiff's allegations could somehow be read to state a prima facie case (which they clearly cannot), an essential element of a participant's claim against an employer pursuant to 29 U.S.C. § 1140 is to show that the employer was motivated by the specific intent to engage in activity prohibited by the section. See Lehman v. Prudential Insurance Co. of America, 74 F.3d 323, 330 (1st Cir. 1996). Here, not only does the Plaintiff fail to allege that Butler took prohibited action against him, but he also fails to allege anything that could be construed as a wrongful intent on the part of Butler. As detailed above, the only allegations about Butler in the Complaint are that Plaintiff worked there and that Butler sponsored the insurance program through which Plaintiff received benefits. See Complaint ¶¶ 3, 8. These allegations are wholly insufficient to state a claim against Butler under 29 U.S.C. § 1140, a section of the law that is designed for the specific purpose of preventing employers from

GSDOCS-1484118-1

wrongfully interfering with employee rights under ERISA.  In the absence of even one allegation

of wrongdoing by Butler, Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice each of

Plaintiff's claims against Butler pursuant to Fed. R. Civ. P. 12(b)(6).

BUTLER HOME PRODUCTS, INC.

By its attorneys,

Christian W. Habersaat (BBO # 564427)
Deborah Hesford DosSantos (BBO # 641185)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02110-3333
(617) 482-1776

Dated:  May 4, 2005

CERTIFICATE OF SERVICE

I, Deborah Hesford DosSantos, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to all counsel of record, namely Karen L. Stern, Esq., Bernstein, Berwick & Tucker, LLC, 10 Mechanic Street, Suite 150, Worcester, MA  01608 and Elizabeth L.B. Greene, Esq., Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA  01068.

Deborah Hesford DosSantos

Dated:   May 4, 2005

-7-