UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VICTOR THIFFAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 05-40011-FDS |
| | ) | |
| BUTLER HOME PRODUCTS, INC., | ) | |
| and SUN LIFE ASSURANCE COMPANY | ) | |
| OF CANADA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON
MOTION TO DISMISS OF DEFENDANT BUTLER HOME PRODUCTS, INC.**

**SAYLOR, J.**

This is a dispute over a denial of long-term disability benefits. Plaintiff Victor Thiffault seeks judicial review of that denial, contending that the plan under which he sought benefits is governed by the Employee Retirement Income Security Act ("ERISA"). Defendant Butler Home Products, Inc., has moved to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, that motion will be granted.

**I.     Factual Background**

The following are the facts as set forth in the plaintiff's complaint. Thiffault, a resident of Hopedale, Massachusetts, worked for Butler Home Products as a Director of Distribution Facilities from 1985 until May 18, 1998. While employed at Butler, Thiffault was covered by a group term insurance plan, issued by Sun Life Assurance Company of Canada, that Butler sponsored for its employees. The policy provided short- and long-term disability benefits. Sun

Life served as the claims administrator for the insurance policy; Thiffault contends (although defendants dispute it) that Sun Life also served as the plan administrator.

Thiffault suffered a medical disability that prevented him from continuing his employment at Butler beyond May 18, 1998. He applied for, and received, short-term disability benefits from Sun Life. Thiffault then applied for long-term disability benefits, contending that he was unable to function in any employment due to a number of medical problems, including polymyalgia rheumatica, neurological dysfunction, osteopenia, attention deficit disorder (inattentive type), and sleep apnea. Sun Life denied plaintiff's claim for benefits on April 15, 2002. Thiffault requested an appeal, which Sun Life denied on February 5, 2003. Plaintiff then filed a complaint with this Court against both Sun Life and Butler, alleging violations of 29 U.S.C. §§ 1132 and 1140.[1]

## II.  Analysis

### A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) serves "to test the legal sufficiency of the allegations" in the complaint. *In re Digital Equipment Corp. Securities Litigation*, 601 F. Supp. 311, 313 n.2 (D. Mass. 1984). The court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." *Redondo-Borges*

---

[1] Plaintiff does not state the specific provision of § 1132 under which he seeks relief. The recovery of benefits under the plan is clearly an action under § 1132(a)(1)(B). The prayer for relief also includes a request for a "[d]eclaratory judgment that the practices complained of are unlawful and void." This is arguably an equitable claim under the § 1132(a)(3) "catchall" provision. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (§ 1132[a)(3) operates as a "catchall" to provide "appropriate equitable relief for injuries cause by violations that [§ 1132] does not elsewhere remedy"). However, for the reasons discussed below, plaintiff has not alleged any wrongful practice on the part of Butler.

The Court also notes that Butler's motion to dismiss did not address the possibility of a § 1132(a)(3) claim, stating that plaintiff's complaint "can be read to raise two potential claims against Butler: (1) a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) . . . and a claim pursuant to § 1140." In his opposition, plaintiff did not contest this characterization. Accordingly, the Court will not treat the complaint as bringing a claim under § 1132(a)(3).

*v. United States Dept. of Housing and Urban Development*, 421 F.3d 1, 5 (1st Cir. 2005). A claim should be dismissed pursuant to Rule 12(b)(6) "only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)).

### B. Claim for Plan Benefits

Generally, there are only two entities that may be sued in an action for benefits under 29 U.S.C. § 1132(a)(1)(B): the plan itself and any entity that controls the administration of the plan. *See Terry v. Bayer Corp.*, 145 F.3d 28, 35-36 (1st Cir. 1998). It is well-established that an employer is not a proper party to an ERISA action to recover benefits unless the employer controlled or somehow influenced the administration of the plan. *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988); *Rossi v. Boston Gas Co.*, 833 F. Supp. 62, 67 (D. Mass. 1993); *Beegan v. Associated Press*, 43 F. Supp.2d 70, 73-74 (D. Me. 1999) (collecting cases).

Here, plaintiff specifically alleges that Sun Life was the "Plan Administrator" as well as the "Claims Administrator." The complaint fails to assert—explicitly or implicitly—that Butler had any role at all in the administration of the plan.[2] To the contrary, the complaint and attached exhibits demonstrate that Thiffault communicated directly with Sun Life when applying for both short- and long-term benefits. Moreover, there is no indication in the record that any party other

---

[2] Plaintiff attached to the complaint a copy of the insurance policy from Sun Life that he describes as the "Benefit Plan." Under ERISA, all benefit plans must specifically designate a plan administrator; if the written instrument does not designate an administrator, the statute provides that the employer will be the administrator by default. *See* 29 U.S.C. §§ 1102(a)(1), 1002(16)(A)(ii), 1002(16)(B). The attached policy does not specifically name an administrator, but the document is also missing several potentially relevant pages. In any event, and as noted, plaintiff has specifically alleged that Sun Life is the plan administrator.

than Sun Life (or its agent) was responsible for reviewing plaintiff's disability claims and making final decisions regarding eligibility.  In opposing Butler's motion to dismiss, plaintiff concedes that it named Butler as a defendant simply "because Butler is the Policyholder of the Benefit Plan," despite having "no knowledge whether or not Butler must approve or deny any decisions made under the Benefits Plan by Defendant, Sun Life."

The pleading requirements, "though minimal, are not non-existent." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 998 (1st Cir. 1992) (internal quotation marks omitted).  Although the Court must read the complaint in the light most favorable to the plaintiff, it "need not conjure up unpled allegations" to help it survive a motion to dismiss.  *Gooley*, 851 F.2d at 514.  Here, plaintiff has alleged no set of facts that would entitle him to relief on his § 1132(a)(1)(B) claim against Butler.  Accordingly, this claim will be dismissed.

### B.     Claim for Interference with Rights to Receive Benefits

Plaintiff also has brought a claim against Butler under 29 U.S.C. § 1140, which makes it unlawful for any person "to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan" or ERISA.  Congress enacted this provision "primarily to prevent employers from discharging or harassing their employees in order to keep them from obtaining ERISA-protected benefits."  *Kowalski v. L & F Products*, 82 F.3d 1283, 1287 (3d Cir. 1996).

Plaintiff does not allege that Butler discharged, fined, suspended, expelled, disciplined, or otherwise discriminated against Thiffault in any manner, much less in connection with the exercise of rights conferred by the plan or by statute.  *See* 29 U.S.C. § 1140.  In fact, plaintiff alleges no action at all by Butler, other than employing him and sponsoring his benefit plan.  Nor can the

4

Court reasonably infer from the complaint that Butler took any improper retaliatory action against plaintiff.[3]

If this were not enough, plaintiff acknowledged in his opposition to the motion to dismiss that he "is unaware of any wrongdoing by Butler" and that Sun Life, not Butler, provided him with a formal notice and explanation of the denial of long-term benefits.

Accordingly, plaintiff has failed to state a claim upon which relief can be granted, and this claim against Butler will be dismissed.

### III.     Conclusion

For the foregoing reasons, Defendant Butler Home Products, Inc.'s Motion to Dismiss will be GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 5, 2006

---

[3] Indeed, assuming plaintiff intends to allege a wrongful discharge, plaintiff's allegations all but preclude such a claim. To succeed under § 1140, plaintiff must show that the employer acted "with the specific intent of interfering with the employee's ERISA benefits." *Lehman v. Prudential Ins. Co. of America*, 74 F.3d 323, 330 (1st Cir. 1996) (internal quotation marks omitted); *accord May v. Shuttle, Inc.,* 129 F.3d 165, 169 (D.C. Cir. 1997) (must demonstrate "(1) prohibited employer conduct; (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled"); *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir. 1997) (same); *McGann v. H & H Music Co.*, 946 F.2d 401, 404 (5th Cir. 1991) (collecting cases). The complaint alleges that plaintiff worked for Butler "until his medical disability on May 18, 1998." That disability, according to plaintiff, "preclude[s] him from being able to function in any employment." Plaintiff would be hard-pressed to claim that he was wrongfully discharged when he clearly asserts his medical disability precluded him from any future employment. *See Iwata v. Intel Corp.*, 349 F. Supp. 2d 135, 143 (D. Mass. 2004).