UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR THIFFAULT,<br>    Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA<br>    Defendants | CIVIL ACTION NO. 05-40011-FDS |

**REVISED JOINT STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, the Defendant, Sun Life Assurance Company of Canada ("Defendant"), and the Plaintiff, Victor Thiffault ("Plaintiff") hereby file this Revised Joint Statement Regarding Pretrial Matters. The parties had originally prepared and filed a Joint Statement in advance of the scheduling conference that was scheduled for February 8, 2006. The original joint statement set forth a discovery plan and schedule that set deadlines starting a month after the date of the conference. The scheduling conference was then postponed until March 2, 2006. Therefore, the parties have revised the discovery plan and schedule accordingly.

1.    <u>Proposed Discovery Plan and Schedule for Motions</u>

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

    a.    Motions to join additional parties and to amend the pleadings must be filed by March 24, 2006.

b.　　Insofar as this matter solely concerns the Court's review of a claim for benefits under ERISA, the Defendant will provide to Plaintiff on or before March 24, 2006, a copy of the Record for Judicial Review.

c.　　If the Plaintiff claims that the record is incomplete, he must notify the Defendant's counsel in writing of the same by April 14, 2006. If the Plaintiff does not provide such notice by April 14, 2006, then Defendant shall file with the Court each of the documents served on Plaintiff entitled as "Agreed to Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by May 5, 2006. If the parties come to an agreement, they will file an "Agreed To Record For Judicial Review" no later than May 12, 2006. If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by May 12, 2006, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by May 26, 2006.

d.　　If any party proposes that it is entitled to any discovery, to constitute or supplement the record for judicial review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received in evidence and would be material to the disposition of this civil action. Any requests for discovery must be filed by May 26, 2006. Counsel to any party not proposing discovery shall have three weeks from service of a request for discovery to file an opposition thereto.

  e. If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the record for judicial review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing.  The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action.  Any request for such evidentiary hearing must be filed by May 26, 2006.  Counsel to any party not proposing the evidentiary hearing shall have three weeks from the service of a request for such a hearing to file an opposition thereto.

  f. Insofar as this matter involves the review of a record whose content will be decided based on the methodology set forth herein, the parties are relieved on any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

  g. Cross Motions for Summary Judgment with accompanying memoranda must be filed by July 21, 2006, or two months after the Court rules upon any motion filed pursuant to paragraphs (d) and (e) above regarding the availability of discovery and/or the record for judicial review.  Responses and Replies to the Motions for Summary Judgment to be filed in accordance with Local Rule 7.1.


| VICTOR THIFFAULT | SUN LIFE ASSURANCE COMPANY OF CANADA |
|---|---|
| By his attorney, | By its attorneys, |
| ___/s/ Karen L. Stern  (KHA)_____ | /s/ Kristina H. Allaire |
| Karen L. Stern, Esq. | Joan O. Vorster, Esq., BBO #550375 |
| BBO #550391 | Kristina H. Allaire, Esq., BBO #646001 |
| Bernstein, Burwick & Tucker, LLC | Mirick, O'Connell, DeMallie & Lougee, LLP |
| 10 Mechanic St., Suite 150 | 100 Front Street |
| Worcester, MA 01608 | Worcester, MA 01608-1477 |
| Phone: (508) 755-5555 | Phone: (508) 791-8500 |
| Fax: (508) 421-6966 | Fax:    (508) 791-8502 |

Dated:  March 1, 2006

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Karen L. Stern, Esq., Bernstein, Berwick & Tucker, LLC, 10 Mechanic Street, Suite 150, Worcester, MA 01608.

   /s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated:  March 1, 2006