UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR THIFFAULT,<br>    Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA<br>    Defendant | CIVIL ACTION NO. 05-40011-FDS |

**DEFENDANT, SUN LIFE ASSURANCE COMPANY OF CANADA'S
RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME
TO FILE PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

The defendant, Sun Life Assurance Company of Canada ("Sun Life") opposes plaintiff, Victor Thiffault's, motion for an extension of 35 days to file his cross motion for summary judgment. Sun Life does not object to Mr. Thiffault being allowed to file his motion for summary judgment by August 4, 2006, the date his opposition to Sun Life's motion for summary judgment is due. However, the 35 day extension he has requested is excessive and gives him an undue advantage over Sun Life. As grounds, Sun Life states:

The parties were scheduled to simultaneously file cross-motions for summary judgment so that there would be an even playing field. The cross-motions are based solely upon the Administrative Record that has been filed with the Court. The parties were both supposed to have asserted their arguments based on that Administrative Record by the same time (July 21, 2006), and then responded to each other's arguments by the same time (August 4, 2006).

Instead, Mr. Thiffault now has Sun Life's motion for summary judgment in hand. He now has all of the arguments Sun Life has made in support of its position that its decision to terminate his benefits was not arbitrary or capricious. And Sun Life has nothing.

Mr. Thiffault is asking the Court to allow him to have Sun Life's memorandum for 35 days before he has to file his motion for summary judgment. The playing field is no longer level.

Furthermore, there is no reason for a 35 day extension to be granted. Mr. Thiffault has not asked the Court for an extension of time to file his opposition to Sun Life's motion for summary judgment.[1] That opposition will be based on the Administrative Record, just as his motion for summary judgment must be. Much, if not all, of the arguments he will assert in that opposition will be identical to the arguments he will assert in his motion for summary judgment. Therefore, he should not be allowed an additional 35 days to file his motion for summary judgment. Any extension of time should not be granted beyond August 4, 2006.[2] Mr. Thiffault should not get more time to do what he already has to do by that date.

Counsel for Mr. Thiffault, Attorney Karen Stern, was present at the scheduling and status conferences in this case and participated in the preparation and submission of the parties' Joint Statement, which referenced the cross-motions for summary judgment. As was discussed at the conferences and ordered by the Court pursuant to the scheduling order *which both parties agreed upon and submitted to the Court*, cross-motions for summary judgment were to have been filed by the parties.[3]

---

[1] As Mr. Thiffault states in paragraph 2. of his motion, his counsel believed "that Plaintiff's opposition would be due in accordance with the time period set forth in the Federal Rules of Civil Procedure." Pursuant to Local Rule 7.1, that date is August 4, 2006.

[2] Sun Life assumes that if Mr. Thiffault is granted an extension of time to file his motion for summary judgment, Sun Life will have the time allowed under Local Rule 7.1 within which to file its opposition to his motion.

[3] In addition, at the scheduling conference, and in correspondence from Sun Life's counsel, Mr. Thiffault was informed of the First Circuit's decision in Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510 (1st Cir. 2005), cert denied, 2005 U.S. LEXIS 7345 (U.S., Oct. 11, 2005). In Orndorf the Court noted that summary judgment is the appropriate vehicle to decide an ERISA case such as this one. Id. at 517. Trial is not warranted. Id. at 518.

Sun Life understands that mistakes can happen.  However, Mr. Thiffault must not be given an unfair advantage for his counsel's mistake.  To allow him an additional 35 days, *with Sun Life's brief in hand*, to prepare his motion for summary judgment, would give him an unfair advantage and would be prejudicial to Sun Life.[4]

Sun Life wishes the issues in this case to be decided fairly for both parties.  It does not object to Mr. Thiffault filing his motion for summary judgment late.  However, it does object to him filing it 35 days late.  If the Court is inclined to allow Mr. Thiffault some additional time to file his cross-motion for summary judgment, Sun Life respectfully requests that the Court order that Mr. Thiffault file his motion on the same date his opposition to Sun Life's motion for summary judgment is due - August 4, 2006.

WHEREFORE, for the reasons set forth above, the defendant, Sun Life Assurance Company of Canada, respectfully requests that this Court deny plaintiff's motion for an extension of 35 days to file his cross-motion for summary judgment; and requests that if an extension is allowed, the Court order that plaintiff's cross-motion for summary judgment be filed by August 4, 2006.

---

[4] An additional 35 days is too simply too much time.  "The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990)(internal citation omitted).  Mr. Thiffault's argument that he should not be "punished or prejudiced by his counsel's misunderstanding of the Schedule," should be given limited merit. (See Plaintiff's Motion, para. 3.)  The First Circuit has "consistently turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client." Deo-Agbasi v. Parthenon Group, 229 F.R.D. 348, 351 (D. Mass. 2005)(internal citations omitted).  Even the U.S. Supreme Court has rejected a party's argument that he should not be penalized for his attorney's mistakes.  *See* Scola v. Beaulieu Wielsbeke, et. al., 131 F.3d 1073, 1075 (1st Cir. 1997), quoting the Supreme Court:  "Petitioner voluntarily chose this attorney as his representative in the action, and *he cannot now avoid the consequences of the acts or omissions of this freely selected agent*.  Any other notion would be wholly inconsistent with our system of representative litigation, in which *each party is deemed bound by the acts of his lawyer-agent*…" (internal citation omitted, emphasis added).

                                                SUN LIFE ASSURANCE COMPANY OF CANADA

                                                By its attorney,

                                                /s/ Elizabeth L. B. Greene
Joan O. Vorster, Esq., BBO #550375
Elizabeth L. B. Greene, Esq., BBO #561456
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: July 28, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2006.

                                                /s/ Elizabeth L. B. Greene

Dated: July 28, 2006